**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| Monica D. Reese, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-1987 (EGS) |
| | ) | |
| John E. Potter  Postmaster General | ) ) | |
| | ) | |
| Defendant. | ) ) | |

**MEMORANDUM OPINION**

Plaintiff Monica Reese, a 42-year old former employee of the United States Postal Service, brings this complaint under the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. §§ 621 *et. seq.*, and Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000e *et. seq.*, claiming that her non-selection for a Contract Technician position at the Postal Service was the result of age discrimination and in retaliation for grievances filed against her supervisor.  Plaintiff filed an Equal Employment Opportunity ("EEO") complaint with the Postal Service on November 7, 2002.  At the conclusion of the EEO investigation, plaintiff requested a hearing with an Administrative Judge.  Before such hearing was held, plaintiff

1

elected to file the instant suit. Defendant has moved to dismiss the complaint and filed for summary judgment in the alternative, claiming that plaintiff has failed to exhaust her administrative remedies and failed to present a prima facie case of discrimination or retaliation under either the ADEA or Title VII.

After careful consideration of the motion, the response and reply thereto, and for the following reasons, this Court finds plaintiff has failed to allege a prima facie case of unlawful retaliation under Title VII or the ADEA. Therefore, defendant's motion for Summary Judgment will be **GRANTED** in regard to the retaliation claim. However, plaintiff has successfully alleged facts sufficient to support her claim of intentional age discrimination. Therefore, defendant's motion for Summary Judgment will be **DENIED** with respect to the ADEA claim.

## I. BACKGROUND

Plaintiff Monica Reese began working at the United States Postal Service ("USPS") as a mail handler in 1985. In 1992 she was promoted to the position of General Clerk, where she remained until 2004. Over the course of her employment, plaintiff alleges she received several awards in recognition of the high quality of her work and dedication to the USPS. In 1995, Ms. Doris Brewton joined the USPS and served intermittently as plaintiff's supervisor. Plaintiff complains of a long history of harassment by Ms. Brewton and claims she has filed numerous complaints with

2

Postal Service management regarding the harassment and "intolerable" work environment. Plaintiff produced evidence of one written complaint that mentions Ms. Brewton by name,[1] though plaintiff claims there were many other complaints motivated by Ms. Brewton's behavior.

In July of 2002, the USPS announced a vacancy for the position of Contract Technician. The Contract Technician works in the USPS office and "assists in soliciting, negotiating, administering and terminating informal and formal contracts." Pl.'s Ex. 24. According to the official job posting, the "Experience Requirements" for the position included one year of procurement experience or "experience in basic purchasing or solicitation techniques." *Id.* In August, plaintiff applied for the position. Ms. Reese believed she was well qualified for the job as many of the duties overlapped with that of her current position as a General Clerk and she had been involved in various aspects of procurement at the Postal Service for 10 years. At the time of application, Ms. Reese was 40 years old and had worked for the USPS for 18 years. Ms. Trina Manigan also applied for the position. Ms. Manigan was 34 at the time of application and had worked at the USPS for nine years as a Dock Clerk. The

---

[1] Ms. Reese claims to have filed several more complaints, but has produced written evidence of three of them, not including the formal EEO complaint that initiated this lawsuit.

3

Dock Clerk position involved the loading and unloading of mail onto USPS trucks.

Non-supervisory positions at the USPS are known as "craft positions." The hiring process for craft positions is conducted on either a "best qualified" or a seniority basis. Pl.'s Opp. at 34. The Contract Technician position was a craft position designated to be filled through the "best qualified" system. Under this process, applicants must submit an application form containing basic personal information ("Form 991"),[2] complete a Knowledge, Skills and Abilities assessment ("KSA") and answer a series of written questions relating to the applicant's relevant experience ("element questions"). According to USPS regulations, an applicant under the "best qualified" system will be selected "on the basis of total qualifications among applicants for the position." See Pl.'s Ex. 36. Both plaintiff and Ms. Manigan submitted the application Form 991, the KSA, and the element questions and both made the "best qualified" list and were selected for interviews. Ms. Brewton was the sole interviewer and Selecting Official. After the interviews, Ms. Manigan was selected for the position.

Following her non-selection, plaintiff met with Ms. Brewton and two representatives from USPS management to discover the

---

[2] Form 991 does not list the applicant's date of birth but includes the year that the applicant graduated from high school.

4

reason for her rejection.  Plaintiff contested the decision on the grounds that Ms. Manigan had never worked in the office at USPS before, was unfamiliar with the duties of the Contract Technician, did not meet the "experience requirements" laid out in the job posting, and had nine fewer years of seniority than plaintiff. Plaintiff further reasoned that in the course of her employment as a General Clerk, she worked frequently with the Contract Technician, and estimated that 90% of her duties overlapped with the Contract Technician's job.  Finally, plaintiff stated that she had significant experience outside the USPS dealing with contracts through her own private catering business that made her an even more qualified candidate.  Ms. Brewton testified that she made the hiring decision based upon interview performance alone, Pl.'s Ex. 3 at 105, and that Ms. Manigan's answers to the interview questions merited more points on the rating system than plaintiff's answers. Pl.'s Ex. 3 at 75.

   Plaintiff later confronted Ms. Brewton privately and asked what questions she had failed to answer correctly.  Plaintiff claims Ms. Brewton then responded, "You are old and set in your ways. It is time for some fresh meat."  Pl.'s Ex. 1 at 144. Plaintiff was 41 years old at the time of her non-selection and claims that this statement proves she was unlawfully discriminated against on account of her age.

5

**II. DISCUSSION**

    **A.    Standard of Review**

    This case is before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction for failure to state a claim pursuant to Federal Rule of Civil Procedure 12b(1). In the alternative, defendant moves for summary judgment under Federal Rule of Civil Procedure 56. A motion to dismiss for a failure to state a claim or for lack of subject matter jurisdiction should not be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, "the Complaint's factual allegations must be presumed true and all reasonable inferences drawn in plaintiff's favor; however the court need not accept legal conclusions cast in the form of factual allegations." *Price v. Greenspan*, 2005 U.S. Dist. LEXIS 12316 at 2, (D.D.C. 2005)(quoting *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994)).

    Pursuant to Federal Rule of Civil Procedure 56, summary judgment should be granted when the moving party has shown that no genuine issue of material fact exists and it is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). "In light of the applicable substantive law, a genuine issue of material fact is a

6

fact that is determinative of a claim or defense and therefore, affects the outcome of the case." *Price*, 2005 U.S. Dist. LEXIS 12316 at 3. A genuine dispute exists "if a reasonable jury could return a verdict for the non-moving party." *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). The court will view all facts in the light most favorable to the non-moving party, but the non-moving party's opposition must consist of more than mere unsupported allegations or denials. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986). The non-moving party must, by affidavits or other competent evidence, set forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56. However, the burden ultimately remains with the moving party to demonstrate the absence of all genuine issues of material fact.  *See Matsushita,* 475 U.S. at 587-88.

### B. Failure to Exhaust Administrative Remedies

Defendant alleges that Ms. Reese is not properly before this court because she has failed to exhaust her administrative remedies. However, the ADEA differs from Title VII in that plaintiffs have the option of either proceeding directly to federal court or filing an administrative complaint through their agency's EEO office. *Rann v. Chao*, 346 F.3d 192, 195 (D.C. Cir. 2003). Under the first option, the plaintiff may proceed directly to federal court so long as he provides the EEOC head office with a notice of intent to sue within 180 days of the allegedly

discriminatory incident and at least 30 days before commencing the suit. 29 U.S.C. §§ 633a(c),(d); *Rann*, 346 F.3d at 195. Alternatively, the plaintiff may go through the EEOC's administrative process and then sue if they are unhappy with the result.[3]  29 U.S.C. §§ 633a(b),(c).

It appears that plaintiff Reese has taken the second option, as outlined under § 633a(b).  She filed a formal complaint with the Postal Service's EEO office on November 7, 2002.  However, before a final decision was made in that action, she filed the instant action.  It is still an open question in this Circuit as to whether a plaintiff who begins an administrative process is required to see it through to completion before filing a civil action.  *See Rann*, 346 F.3d at 195.[4]  In any event, it appears that Reese *did* exhaust her administrative remedies before filing suit in this Court. EEOC regulations state that a federal employee who has filed an administrative complaint may file a civil action after 180 days from the date of filing that

---

[3] The administrative process is to be initiated with the agency's Equal Employment Opportunity office, not the Equal Employment Opportunity Commission itself.

[4] In *Rann*, the D.C. Circuit acknowledged a circuit split on the matter but did not reach the issue, because the parties had presumed throughout the litigation that exhaustion was required. *Rann,* 346 F.3d at 195. However, the Circuit noted, "There appears to be no language in the ADEA expressly requiring a federal employee who is not suing under § 633a(d) to have exhausted her administrative remedies." *Id.*

8

complaint, if an appeal has not been filed and a final decision has not been issued. 29 C.F.R. § 1614.201(c)(1). The plaintiff's formal EEO complaint was filed November 7, 2002 and this action was filed July 25, 2003. Because more than 180 days passed without a final decision, Reese appears to be properly before this Court regardless of the necessity of administrative exhaustion under § 633a(b).

Defendant has not presented an argument that these regulations are inapplicable to plaintiff, nor addressed the application of *Rann*. Neither has defendant explained in any way (beyond a one sentence assertion on the cover of its brief) the basis for its belief that plaintiff has failed to exhaust her administrative remedies. Given the ambiguity of exhaustion claims under the ADEA expressed in *Rann* and plaintiff's facial qualification under the EEOC regulations, defendant's exhaustion argument is rejected.

### C. Retaliation under Title VII or the ADEA

Title VII makes it unlawful for an employer to discriminate against an employee because the employee "has opposed any practice made an unlawful employment practice by [Title VII], or because [the employee] has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under [Title VII.]" 42 U.S.C. § 2000e-3(a). The ADEA has a parallel provision. *See* 29 U.S.C. § 623(d). In order to make

9

out a *prima facie* Title VII or ADEA retaliation claim, the plaintiff must show that she engaged in statutorily protected activity, was subject to an adverse action by her employer, and there was a causal connection between the employee's action and the harm suffered. *Mitchell v. Baldridge*, 759 F.2d 80, 86 (D.C. Cir. 1985). Plaintiff fails to meet these threshold requirements.

Plaintiff alleges that she has suffered years of harassment by Ms. Brewton. She has submitted evidence of a grievance she filed and won against Ms. Brewton in 1996 for denial of overtime. Plaintiff also filed a grievance in a 1997 incident regarding "harassment and threats" in her office. Plaintiff further testified that she filed several other formal and informal complaints over the years against Ms. Brewton with Ms. Brewton's supervisor, Theresa Gibbs. In the instant action, plaintiff is claiming that her non-selection for the Contract Technician position is in retaliation for these past complaints and therefore unlawful under Title VII and the ADEA.

This argument is without merit. In order for plaintiff's non-selection to be considered retaliatory under either Act, plaintiff must have made prior grievances based on age discrimination or a Title VII protected category. *See City of Bellevue v. Learned*, 860 F.3d 928, 931-33 (9th Cir. 1988) *cert. denied*, 489 U.S. 1079 (1989). While plaintiff may have had problems with Ms. Brewton, neither Title VII nor the ADEA

10

protects employees from "unprofessional or inappropriate behavior." Pl.'s Comp. ¶ 10. Plaintiff offers no evidence that her past grievances against Ms. Brewton were the result of discrimination based on her age or any category protected by Title VII.[5] Therefore, plaintiff cannot maintain a *prima facie* case of retaliation and defendant's motion for Summary Judgment with respect to this claim is granted.

### D. Substantive ADEA claim and McDonnell Douglas Framework

The ADEA broadly bars age discrimination in employment and "makes it unlawful for an employer to fail or refuse to hire or discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1); *Murphy v. Price Waterhouse Coopers, LLP, et al.*, 357 F. Supp. 2d 230, 233 (D.D.C. 2004). "The ADEA covers individuals age forty and over, and aggrieved employees may bring suits in any court of competent jurisdiction against any employer, including a public agency for relief from violations of the statute." *Id.* (quoting 29 U.S.C. §§ 626(c)(1), 631(a)).

In applying the provisions of the ADEA, courts employ the familiar McDonnell Douglas burden-shifting framework developed in the context of race and gender discrimination claims under Title

---

[5] Plaintiff was only 31 years old at the time the alleged harassment began, confirming that the subject of her past grievances does not fall within the ambit of the ADEA.

11

VII. *Murphy*, 357 F. Supp. 2d at 233. Under this framework, the plaintiff has the burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-253 (1981) (quoting *McDonnell Douglas v. Green*, 411 U.S. 792 (1973)). If the plaintiff succeeds in proving a *prima facie* case, the burden then shifts to the defendant to provide a legitimate, nondiscriminatory reason for the employee's rejection. *Id.* If the defendant is able to articulate legitimate reasons for its employment action, then the burden shifts back to the plaintiff to prove by a preponderance of the evidence that those reasons were in fact a pretext for discrimination. *Id.* "The ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff."  *Id.*

The ultimate question in an ADEA case is whether age is a determining factor in the employment decision. *Cuddy v. Carmen*, 762 F.2d 119, 122 (D.C. Cir. 1985).  Plaintiff has gone to great lengths to present evidence that she and Ms. Brewton have never been on good terms.  This evidence, however, is irrelevant. The sole issue in this case is whether or not the USPS unlawfully considered plaintiff's age when failing to hire her for the Contract Technician position.

### 1. Plaintiff's *prima facie* case under the ADEA

To establish a *prima facie* case of age discrimination under the ADEA, plaintiff must show that (1) she is at least forty years of age, (2) that she is qualified for the position in question, (3) that she was not promoted, and (4) that she was disadvantaged in favor of a younger person. *Forman v. Lawrence*, 271 F.3d 285, 292 (D.C. Cir. 2001). Ms. Reese has carried this initial burden.  Ms. Reese was 41 years old at the time of her non-selection, and is thus a member of the protected group. Ms. Reese has presented evidence that she was qualified for the Contract Technician position, as she was determined by the USPS to be one of two "best qualified" applicants, but was ultimately not selected for the position.  Finally, Ms. Reese claims she was disadvantaged in favor of Ms. Manigan, who was seven years her junior at the time of the hiring decision.  Accordingly, plaintiff has satisfied the requirements of the *prima facie* case.[6]

---

[6] *In Beeck v. Fed. Express Corp.*, this Court found a four-year difference in age between the plaintiff and the co-worker who replaced him not significant enough to raise an inference of age discrimination under the ADEA. *See* 81 F. Supp. 2d 48, 53 (D.D.C. 2001).  In contrast, the age difference here is seven years. Defendant has presented no persuasive reasons why the Court should not consider this difference "significant," at least for the purposes of plaintiff's prima facie case.

### 2. Defendant's proffered non-discriminatory reasons for the hiring decision

Plaintiff Reese contends her non-selection for the Contract Technician position was on account of her age, while USPS counters that her poor interview performance justified her non-selection.  USPS submitted evidence that Ms. Manigan received more points in the scoring of the interviews and was selected for the position based on her score alone.  Because the ADEA does not prohibit adverse employment action "based on reasonable factors other than age or for good cause," *Murphy*, 357 F. Supp. 2d at 233 (quoting 29 U.S.C. §§ 623(f)(1), (f)(3)), the USPS has met its initial burden of providing a legitimate nondiscriminatory reason for denying Ms. Reese the promotion. Thus, the burden shifts back to Ms. Reese to show either that "a discriminatory reason more likely motivated the employer or ... that the employer's proffered explanation is unworthy of credence." *Dunaway v. Int'l Brotherhood of Teamsters*, 310 F.3d 758, 762 (D.C. Cir. 2002)(quoting *U.S. Postal Serv. Bd. Of Governors v. Aikens*, 460 U.S. 711, 716 (1983)(internal citations omitted)).

### 3. Plaintiff's rebuttal of defendant's proffered reasons

When an employer has met its burden of producing a non-discriminatory reason for its actions, "the focus of the proceedings at trial (and at summary judgment) will be on whether

14

the jury could infer discrimination from the combination of (1) the plaintiff's *prima facie case*; (2) any evidence the plaintiff presents to attack the employer's proffered explanation for its actions; and (3) any further evidence of discrimination that may be available to the plaintiff (such as independent evidence of discriminatory statements or attitudes on the part of the employer) or any contrary evidence that may be available to the employer." *Aka v. Washington Hosp. Ctr.*, 156 F.3d 1284, 1289 (D.C. Cir. 1998). In the instant case, plaintiff has offered evidence in both categories (2) and (3) in addition to her prima facie case. This evidence successfully rebuts the reasons proffered by the USPS and creates a genuine issue of material fact sufficient to defeat defendant's motion for summary judgment.

Defendant maintains that Ms. Manigan performed better at the interview, which provided the entire basis for the hiring decision. Plaintiff contends that this reason is pretextual, both because she believes her interview went well, and because she claims the interviews were different in substance and form. Plaintiff contends that she was not asked to elaborate on her written application materials nor was she asked the hypothetical questions that were presented to Ms. Manigan. Pl.'s Ex. 1 at 18-20. Plaintiff testified that Ms. Brewton skipped over several questions, stating that she already knew plaintiff was qualified

15

in those areas and therefore did not need to ask about them. *Id.* at 19. Ms. Brewton admitted to skipping one or two questions, but testified that the rest of the interview questions were identical to those she asked of Ms. Manigan. Pl.'s Ex. 3 at 48, 51.

Plaintiff also attacks the nature of the point system employed in the interview. Ms. Brewton testified that the "point system" for rating the applicants was subjective, and that she could not produce any notes from the interview regarding the candidates' performances. Pl.'s Ex. 3 at 33-35. In this Circuit, "Courts traditionally treat explanations which rely heavily on subjective considerations with caution. Particularly in cases where a jury could reasonably find that the plaintiff was otherwise significantly better qualified than the successful applicant, an employer's asserted strong reliance on subjective feelings about the candidates may mask discrimination." *Aka*, 156 F.3d at 1298.

Plaintiff further contends that under USPS regulations, Ms. Brewton would have been required to consider the employee's entire application package along with interview performance in making hiring decisions (including experience, seniority, and application forms that list special knowledge and skills.) In defendant's interrogatories, the USPS claims that all parts of the application package were indeed considered, but Ms. Brewton

16

testified that she only considered interview performance.  Pl.'s Ex. 3 at 104. Further, the selected employee appears to have been at least somewhat less qualified for the job; as she did not possess the experience in procurement purportedly required by the job posting, and had never worked in the USPS offices.

Plaintiff presents some additional evidence regarding irregularities in the hiring process.  Ms. Brewton stated in her deposition that Ms. Manigan submitted documents at her interview that she obtained on the Internet relating to the position, and that these papers counted in her favor.  However, Ms. Manigan testified she did not submit anything at the interview.  Pl.'s Ex. 5 at 11. Plaintiff also points to the discrepancy between defendant's interrogatories and deposition regarding what factors Ms. Brewton considered in her hiring decision.  Pl.'s Opp. at 59. In *Aka*, this Circuit cautioned, "we have repeatedly treated false statements by defendants as credible evidence of consciousness of guilt."  *Id.* at 1293.  While these discrepancies do not prove discrimination occurred, they do weigh in favor of the inference that an "employer who fabricates a false explanation has something to hide."  *Id.*

Perhaps most significantly, plaintiff also presents evidence of derogatory remarks made by Ms. Brewton at the time of her non-selection. Plaintiff testified that when she confronted Ms. Brewton about the hiring decision, Ms. Brewton responded, "You

17

are old and set in your ways. It is time for some fresh meat." Pl.'s Ex. 1 at 144.  In *Dunaway v. Teamsters*, the plaintiff presented evidence that her employers made derogatory remarks about her national origin and gender just before she was discharged from her job after 25 years of successful employment. *Dunaway*, 310 F.3d at 765.  This Circuit held that the evidence of these statements in connection with her termination was sufficient that a "reasonable jury could find that the purported explanations for her termination were pretextual."  *Id.* at 766. Similarly, plaintiff Reese has a long record of successful employment with the USPS. She also presented evidence that at the time of her non-selection, the hiring official made derogatory remarks about her age in connection with the selection of the younger, seemingly less qualified applicant. Although Ms. Brewton denies having made the comment in question, the credibility of witnesses and the weight of evidence are not matters to be considered at the summary judgment stage. *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 150 (2000). For all of these reasons, the Court finds that plaintiff's evidence, viewed in the most favorable light, could support an inference that defendant's proffered non-discriminatory reasons were pretexts for unlawful discrimination based on age.

**E.    Plaintiff's Request for a Jury Trial**

In *Lehman v. Nakshian*, 453 U.S. 156 (1981), the Supreme Court held that there is no right to a trial by jury in age discrimination suits against the federal government.  While the ADEA's protections apply to federal employees, a jury trial is "improper in an ADEA action against the federal government." *Cuddy v. Carmen*, 762 F.2d 119 (1985).  Plaintiff's request for a jury trial is therefore **DENIED.**

**III. CONCLUSION**

Accordingly, it is hereby

**ORDERED** that defendant's Motion for Summary Judgment is **GRANTED** with respect to the Retaliation claim and **DENIED** with respect to the ADEA claim; and it is

**FURTHER ORDERED** that pretrial proceedings shall commence pursuant to a separate order issued this date.


**Signed:**

**EMMET G. SULLIVAN**
**UNITED STATES DISTRICT JUDGE**
**September 28, 2005**